UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OBBIE WARD,

        Plaintiff,

v.                                    Case No. 06-C-1243

CATHY JESS, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Obbie Ward brought a complaint under § 1983 and the Americans with Disabilities Act alleging that his medical care was constitutionally substandard and that his prison confinement was noncompliant with the ADA. Following the issuance of my screening order, the defendants moved to dismiss on the grounds that Ward had failed to exhaust administrative remedies, as required by the Prisoner Litigation Reform Act, and that Ward failed to state a claim for relief under the ADA. Ward responded to the motion to dismiss by filing an amended complaint on May 31, 2007.

The amended complaint sets forth Ward's general disagreements with the Department of Corrections over the proper treatment of sick and handicapped inmates.[1] For instance, Ward, who suffers from cerebral palsy and a hearing and/or speech impairment, suggests that the state should

---

[1] Although the motion to dismiss is directed at the original complaint, when the amended complaint suffers from the same problems as the original a motion to dismiss is relevant to the amended complaint as well.

have a separate facility to house disabled inmates rather than placing them in an infirmary ward. He complains that he believed the state was going to build such a facility, but it unfairly scotched the plan due to budget constraints.

Ward further alleges that the prison does not meet ADA requirements on a number of levels and suggests that his confinement in the infirmary constitutes discrimination because other inmates are given more freedoms. The crux of his ADA claim is that the teletype (TTY) machine has not always worked and, when it does, prison staff "hovers" around him while he talks to his attorney.[2] Finally, the amended complaint states that he has suffered ingrown toenails and a stuffed up nose; he has also, on occasion, been forced to sit in his stool due to the staff's unwillingness or inability to clean up properly. With respect to each of his complaints, it is unclear whether he is alleging a violation of § 1983, the ADA, or both.[3]

As noted, the motion to dismiss is based largely on Ward's failure to exhaust his administrative remedies, and Ward does not meaningfully address this argument. The exhaustion requirement applies to § 1983 claims as well as ADA claims. Under 42 U.S.C. § 1997e(a),"[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983], or any other

---

[2]Ward's TTY claim was dismissed in this court's screening order for failure to state a claim under § 1983. It likely states a claim under the ADA, however. At least some of the complaint can be construed as alleging that Ward's ability to communicate via telephone is restricted when compared with inmates who do not have hearing impairments. Thus, the allegation that the TTY device is either broken or sparsely available suffices to state a claim under the ADA. If regular inmates are allowed to engage in the activity of communication via telephone, the prison's preventing or impeding hearing impaired inmates from that activity could be an ADA violation. *See Chisolm v. McManimon,* 275 F.3d 315, 329 (3d Cir. 2001)

[3]Though not germane to my present conclusions, I note that Ward's own exhibits actually demonstrate a thorough concern by the staff about Ward's particular needs. *See, e.g.,* Am. Compl. Ex. 3 (correspondence from Jim Hebel, Nursing Supervisor).

2

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Porter v. Nussle,* 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). Although Ward was apparently not hesitant to file other inmate complaints, review of the record indicates that he never filed and appealed an inmate complaint regarding the deliberate indifference claims he attempts to raise in this lawsuit. Perhaps he recognized that many of his arguments about medical care raise global issues of public policy that the prison's internal complaint and appeals process would be ill-equipped to consider, but that does not excuse his failure to give the state the first attempt to sort through his grievances. As to his more specific medical claims, Ward has failed to exhaust these as well. In particular, there is no indication that Ward complained about ingrown toenails or his other personal care issues and then followed-through with an appeal through the complaint and review system. Simply put, Congress has deemed that a federal court is not the forum of first resort when an inmate has a claim under § 1983, 42 U.S.C. § 1997e(a), and Ward has failed to exhaust any of the claims that might suffice to state a claim under § 1983. Accordingly, they will be dismissed.

The same is true of any claims Ward is attempting to assert under the ADA. Although the ADA does apply to state prisons, *Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206, 213 (1998), the PLRA requires the inmate to exhaust those claims before bringing them to federal court. Ward did not administratively exhaust any claim based on inadequate access to telephone privileges. While he did file one complaint related to his ability to contact his attorney on a single occasion, that complaint was incident-specific and did not address Ward's more general claim that hearing

3

impaired inmates are being discriminated against in violation of the ADA. (Beck Aff., Ex. 1003.) *Dixon v. Page,* 291 F.3d 485, 489 (7th Cir. 2002) (exhaustion requires following the entire administrative process the state provides). Ward also filed a complaint stating that the TTY machine was not available on a particular date because it was being used in another part of the prison. He further complained that "the prison should have more tty/phone for the hearing of speech impaired inmates equal access that's under the A.D.A. act." (Beck Aff., Ex. 1005.) This complaint was denied as moot on the basis that the prison had purchased a new TTY machine and Ward had already made the call he complained about being unable to make. Nevertheless, as with his other claims, Ward failed to appeal that decision and thus failed to exhaust his administrative remedies on his ADA claim.[4]

In sum, whether brought under § 1983 or the ADA, Ward has not presented any claims in this lawsuit that have been exhausted through the complaint and review process provided by Ward's prison. Accordingly, the motion to dismiss is **GRANTED**, and the case is **DISMISSED**.

Dated this   5th   day of July, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[4] It is also unclear whether Ward's ADA claims would have fallen within the scope of claims for which the state's sovereign immunity has been validly abrogated by Congress. *United States v. Georgia,* 546 U.S. 151, 126 S.Ct. 877, 882 (2006). But because the claims are not exhausted, that bridge need not be crossed.