UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OBBIE WARD,
        Plaintiff,

v.                                                                                                                    Case No. 06-C-1243

CATHY JESS, et al.,
        Defendants.

## ORDER DENYING IN FORMA PAUPERIS ON APPEAL

      The pro se plaintiff, a state prisoner at all relevant times, brought a civil action in this court under 42 U.S.C. § 1983, alleging that his civil rights were violated. I granted the defendant's motion to dismiss on the basis that Ward had failed to exhaust any of his claims through the prison's complaint and review system. The plaintiff appealed, and currently before the court is the plaintiff's request to proceed in forma pauperis on appeal.

      Under Fed. R. App. P. 24(a), a party who has been granted leave to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed in forma pauperis. *See also* 28 U.S.C. §1915(a)(3). A district court should not apply an inappropriately high standard when making good faith determinations. *Pate v. Stevens,* 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California,* 386 U.S. 738 [1967]); *see also, Coppedge v. United States,* 369 U.S. 438, 445 (1962). On the other

hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

The plaintiff's complaint was dismissed for failure to exhaust. I concluded that even to the extent Ward had filed inmate complaints regarding the issues he now advances, he nevertheless failed to appeal any unfavorable decisions he received. He seems to argue in his notice of appeal that the inmate complaint system is futile because inmates' complaints are almost universally denied. But alleged futility is not an excuse for failure to exhaust. Accordingly, I conclude that the plaintiff's request to proceed in forma pauperis on appeal should be denied because the appeal is not brought in good faith. However, the plaintiff incurred the filing fee by filing the notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433, 434 (7th Cir.1997). The fact that this court is denying the request to proceed in forma pauperis on appeal means that the full filing fee of $455.00 is due within 14 days of this order. *Id.*; Seventh Circuit Rule 3(b). Failure to pay in full within the time limits will result in a dismissal. *Newlin*, 123 F.3d at 434.

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed in forma pauperis on appeal is hereby **DENIED** because this court certifies that such appeal has been taken in **BAD FAITH.** The plaintiff's request to expand the record is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall forward to the clerk of this court the sum of $455.00 as the full filing fee in this appeal. The plaintiff's failure to comply with this order will result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Charles D. Hoornstra, Assistant Attorney General,

Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated this 14th day of August, 2007.

        /s William C. Griesbach
William C. Griesbach
United States District Judge